Anthony R. Strauss – SBN 72842
Bruce Crary – SBN 158942
Aris E. Karakalos - SBN 240802
**STRAUSS LAW GROUP, A Professional Corporation**
121 North Fir Street, Suite F
Ventura, California 93001
Telephone (805) 641.9992
Facsimile (805) 641.9993
Ars[at]strausslawgroup.com
Aek[at]strausslawgroup.com

Attorneys for Defendants TELLURIC PETROLEUM TRANSPORT, INC.
and JOSE CARDONA

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE TOPETE, FRANCISCO REYES, GENARO VILLELA, and LEONARDO HEREDIA<br><br>Plaintiffs,<br><br>v.<br><br>TELLURIC PETROLEUM TRANSPORT, INC., a California corporation, JOSE CARDONA, an individual,<br><br>and DOES 1-50, inclusive,<br><br>Defendants. | Case No. CV13-4944 CAS (AGRx)<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**<br><br>Action Filed: June 7, 2013<br>Removal Date: July 10, 2013<br>Trial Date: August 26, 2014 |

Plaintiffs Mike Topete, Francisco Reyes, Genaro Villela, and Leonardo Heredia ("Plaintiffs") and Defendants Telluric Petroleum Transport, Inc. and Jose Cardona ("Defendants"; collectively "Parties") may possess Confidential Information as defined below, including personal and corporate personal and financial information and commercially sensitive information. The Parties expect that some such information will be disclosed during the course of this litigation. The Parties desire to limit disclosure and prevent the use of such information for the purposes other than the prosecution and defense of this action. In addition, Confidential Information may be produced by non-parties.

This Stipulation and [Proposed] Protective Order ("Protective Order") shall govern any documents, material, item, testimony, information, or thing filed with or presented to the Court or produced, served, generated or obtained during the discovery process or otherwise obtained in connection with this litigation which is claimed by a Party to contain Confidential Information. The Parties hereby stipulate and agree to the following terms of a Protective Order regarding Confidential Information, and respectfully request that the Court enter this Protective Order.

## DEFINITIONS

1. Information may be designated as "Confidential Information" under this Protective Order if it constitutes: (a) employee payroll or personal information; (b) personal and/or corporate financial information; and (c) confidential customer pricing and terms and/or commercially sensitive information the dissemination of which would damage a Party's competitive position.

2. For the purposes of this Protective Order, Confidential Information means all originals and copies of documents in paper or electronic form and other material or information not generally available to the public that a Party to this action or a non-party believes in good faith contains confidential or proprietary technical, business or personal information.

3. The term Confidential Information shall include all information, documents and things incorporating Confidential Information including, without limitation, copies, drafts, summaries, compilations, abstracts, notes, derivatives, photographs, negatives, blow-ups, exhibits, communications in written or oral form, and similar things.

4. The Parties agree that, they will not designate any document or testimony as Confidential Information unless they believe in good faith that the information so designated satisfies the criteria set forth in this Protective Order.

5. The Parties agree that to the extent that information is designated as Confidential Information, the fact of such designation shall not constitute an express or implied waiver of any attorney-client or work product privilege with respect to such information.

## DESIGNATION

6. All documents produced by any Party in this lawsuit that constitutes Confidential Information as defined above shall be marked "Confidential", unless not entitled to such a designation as explained in paragraph 8, below.

7. Designation of portions, or the entirety, of deposition transcripts (including exhibits) as "Confidential Information" shall be made by a statement to such effect on the record in the course of the deposition, or upon review of such transcript by counsel for the Designating Party within five (5) business days after counsel's receipt of the transcript. Until the expiration of the five (5) business day time period, all deposition transcripts will be treated by the parties as "Confidential" in their entirety. Upon designation of the transcript on the record during the deposition, the party designating a portion of the transcript Confidential shall be allowed to exclude all persons to whom access to Confidential Information has been denied under the terms of the Protective Order for the portion of the deposition that contains Confidential Information. The Court Reporter or other person recording the proceedings shall segregate any portion of the transcript of the deposition which has been stated to contain Confidential Information and may furnish copies of these segregated portions, in a sealed envelope, only to the deponent as required by law, to the Court, and to counsel for the parties bound by the terms of this Protective Order. Designations made within five (5) business days after receipt of the transcript of a deposition shall be made by sending written notice (by email or facsimile if possible) to the Court Reporter, to counsel for all parties to this action, and to any other person known to have a copy of said transcript. The notice shall reference this Protective Order and identify the parties and/or exhibits or the transcript so designated. All copies of transcripts thus designated shall be marked with a notice including the confidentiality of the material therein and shall be governed by the terms of this Protective Order.

## QUALIFICATION

8. No item shall qualify for protection as Confidential Information unless, prior to the designation, the producing Party has made a bona fide determination that the material is, in fact, Confidential Information. In addition, no item shall qualify for protection as Confidential

Information if such item: (a) is disclosed in a printed publication available to the public or trade by reasons of dissemination by one having the right and authorization to do so; (b) is generally known throughout the trade and public; (c) is independently developed by the receiving party, or comes to be known to the receiving party through means not constituting breach of any proprietary or confidential relationship or obligation or breach of this Protective Order; (d) is lawfully in the receiving party's possession prior to the disclosure unless the party's previous lawful receipt of the information is subject to an obligation of non-disclosure; or (e) is lawfully received at a later date by the receiving party from a non-party who has the right or authorization to make such a disclosure. Further, Confidential Information shall not be construed to cover items obtained by a Party independently of this litigation, when the item was obtained lawfully and without any obligation of confidentially to a third party.

## ACCESS

9. All documents produced by Defendants and marked "Confidential", may be examined by persons designated in this Paragraph so long as each person executes an agreement to be bound by the terms of this Protective Order (a "Consent Agreement") prior to examining any such documents. The form of the Consent Agreement is attached hereto as **Exhibit A**. The persons who may examine documents produced pursuant to this Paragraph are:

    (a) Plaintiffs who have signed a Consent Agreement;

    (b) The attorneys for Plaintiffs and the staff for such attorneys, who have signed a Consent Agreement; and

    (c) Any person retained by Plaintiffs to assist with this litigation, including translators, designated or non-designated experts, and persons retained to compile or copy documents, who have signed a Consent Agreement.

10. All documents produced by Plaintiffs marked "Confidential", may be examined by persons designated in this Paragraph so long as each person executes a Consent Agreement prior to examining any such documents. The persons who may examine documents produced pursuant to this Paragraph are:

(a) The owners, officers and directors of Defendants who have signed a Consent Agreement;

(b) The attorneys for Defendants and the staff for such attorneys who have signed a Consent Agreement; and

(c) Any person designated by Defendants as an expert consultant or expert witness and the staff who have signed a Consent Agreement.

11. Notwithstanding any provision herein, the Court and Court personnel, and Court Reporters and videographers who record depositions in this case, may examine any document designated "Confidential" without signing a Consent Agreement.

12. Nothing in this Protective Order shall limit Plaintiffs' use or disclosure of Plaintiffs' own information that they obtain from Defendants, even if Defendants have designated that information as "Confidential," and Plaintiffs need not file such information under seal.

13. Each Party hereto shall maintain a file which contains signed Consent Agreements for each person who examines any documents produced by any of the other Parties.

## DISPUTES OVER DESIGNATION

14. A Party electing to initiate a challenge to the designation of certain documents as "Confidential" must do so in good faith and must begin the process by conferring directly with counsel for the designating Party. A Party may challenge a designation of "Confidential" by filing a motion in accordance with Local Rule 37-1 through 37-3.

15. Within ninety days after the conclusion of this proceeding, which includes any appeal or related judicial proceedings, unless the Court orders otherwise, the Parties shall destroy all copies of documents marked "Confidential" that have been received from another Party, and shall deliver a certificate to the producing Party confirming that the documents have been destroyed. Destruction of "Confidential" documents that have been scanned, digitized or otherwise placed into a computer or data processing system, shall be accomplished by deleting the documents from the computer or other data processing system on which they are stored.

1  However, the Parties need not destroy copies of documents containing their own information
2  even if those documents have been designated as "Confidential" by another Party.
3     16.   If any Party or any person who executes a Consent Agreement violates this
4  Protective Order, then the Party who produced the confidential records may apply to the Court
5  for appropriate relief.
6     17.   Before any document designated "Confidential" is filed with the Court, the filing
7  Party must first consult the designating Party to determine whether, with the consent of the
8  designating party, the document, or a redacted version of the document, may be filed not under
9  seal. If no agreement is reached, the filing shall be accompanied by a written application to
10 file the document(s) under seal, with a proposed order, pursuant to Local Rule 79-5.1. The
11 designating Party shall be responsible for preparation of the application and order, and shall
12 provide those documents to the filing Party no later than two days before the filing date. Local
13 Rule 79-5 shall govern the filing of documents under seal.
14    18.   The provisions of this Protective Order shall be binding until the commencement
15 of trial.
16    19.   Nothing in this Protective Order shall be construed as authorizing anyone to
17 disobey a lawful subpoena issued in another action.
18    20.   This Protective Order shall be construed in accordance with the laws of the State
19 of California.

## GOOD CAUSE STATEMENT

21    21.   Good cause exists for this Protective Order because it is likely that personal
22 information concerning the individual Plaintiffs, the individual Defendant and other persons
23 who have been employed by Defendant Telluric Petroleum Transport, Inc. will be disclosed in
24 the course of discovery. Such information will include personal financial information, personal
25 information contained in employee personnel files such as medical information, background
26 information and records of disciplinary actions and other information that is subject to the
27 right of privacy. As for Defendant Telluric Petroleum Transport, Inc., it is likely that
28 information concerning its contracts with oil companies, its pricing and marketing strategies

1  and other financial and business information that it has developed, that is not generally
2  available to the public and which it has endeavored to protect, will be disclosed. If its
3  competitors had such information, they could use it to unjustly and improperly improve their
4  position in the marketplace and harm Defendant's revenues, profits, costs, timetables and
5  damage Defendant's future bargaining power.

## STIPULATION AND [PROPOSED] ORDER

7      22.    It is hereby stipulated that the foregoing stipulation and agreement of the Parties
8  may be made and entered as a Protective Order by the Court. It is further stipulated that the
9  Parties will abide by this Protective Order from the date of execution of this Stipulation. The
10 Parties, through their undersigned counsel, respectfully request that the Court enter this
11 stipulation as an Order.

**IT IS SO STIPULATED.**

DATED: October 21, 2013        LAW OFFICES OF KATHLEEN A. BREWER

By:_____/S/_____
    Kathleen A. Brewer
    Attorneys for Plaintiffs

DATED: October 21, 2013        STRAUSS LAW GROUP, APC

By:_____/S/_____
    Anthony R. Strauss
    Attorneys for Defendants

**GOOD CAUSE APPEARING, IT IS HEREBY ORDERED THAT:**

The Parties shall comply with the terms and conditions set forth in the above Stipulation and Protective Order.

DATED: Nov. 13, 2013

*Alicia G. Rosenberg*
Magistrate Judge Alicia G. Rosenberg

**EXHIBIT A**

**CONSENT AGREEMENT**

*Topete, et al. v. Telluric, et al.*

U.S. District Court, Central District of California, Case No. CV13-4944 CAS (AGRx)

I acknowledge that I have received a copy of the Protective Order in this action, that I have carefully read its provisions and understand them, and that I will adhere to its terms. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use except for purposes of this action, any information designated Confidential Information which I receive in this action.

As required by the Protective Order, I will return all materials containing Confidential Information to the attorney from whom I received it, when my need for the information has ended.

Signed this \_\_\_\_\_ day of _____

Signature _____

Printed Name: _____

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**